IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM J. CHAFFIN, JR., | No. 4:24-CV-01909 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN FCI-ALLENWOOD MEDIUM, | |
| Respondent. | |

**MEMORANDUM OPINION**

**APRIL 8, 2025**

Petitioner William J. Chaffin, Jr., filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Federal Correctional Institution, Allenwood Medium, in White Deer, Pennsylvania. He asserts that the Federal Bureau of Prisons (BOP) is refusing to properly apply time credits earned under the First Step Act of 2018 (FSA)[1] toward time in prerelease custody. For the following reasons, the Court must dismiss Chaffin's Section 2241 petition.

**I.   BACKGROUND**

In November 2024, Chaffin lodged the instant Section 2241 petition.[2] He alleges that BOP officials have failed to apply his FSA earned time credits to time

---

[1] Pub. L. 115-391, 132 Stat. 5194 (2018).
[2] *See generally* Doc. 1.

in prerelease custody, in violation of the mandatory language of the Act.[3] He asks the Court to order the BOP to apply all FSA credits he has earned, in addition to any Second Chance Act days, and immediately transfer him to either a "halfway house or home confinement," *i.e.*, prerelease custody.[4]

According to the most recent FSA time credit assessment provided to the Court, as of November 3, 2024, Chaffin has accrued 1,005 FSA credits.[5] The BOP has applied 365 FSA credits toward early release—the maximum allowed by statute—resulting in an FSA release date of November 13, 2027.[6] The remaining 640 FSA time credits are applicable to prerelease custody placement.[7]

Chaffin may also be eligible for benefits under the Second Chance Act of 2007 (SCA).[8] Although the BOP avers that Chaffin has undergone the requisite individualized five-factor review pursuant to the SCA,[9] "[he] has not yet been referred for placement in pre-release custody."[10]

---

[3] *See* Doc. 1-1 at 2-6.
[4] Doc. 1 at 7; *see* 18 U.S.C. § 3624(g)(2).
[5] *See* Doc. 5-7 at 1. It is possible (and indeed likely) that Chaffin has earned additional FSA time credits since this last assessment. Nevertheless, any additional time credits earned would have no effect on the outcome of this petition.
[6] *See id.* at 3; Doc. 5-3 at 2; 18 U.S.C. § 3624(g)(3).
[7] *See* Doc. 5-7 at 1.
[8] Pub. L. No. 110-199, 122 Stat. 657 (2008).
[9] *See* Doc. 5-2 ¶ 8; 18 U.S.C. § 3261(b).
[10] Doc. 5-2 ¶ 8.

Following Respondent's answer[11] to his Section 2241 petition, Chaffin did not file a traverse. The time for doing so has passed, so Chaffin's habeas petition is ripe for disposition.

## II.  DISCUSSION

Chaffin asserts that the plain language in 18 U.S.C. § 3632(d)(4)(C) requires the BOP to apply all FSA credits earned and that, if SCA days are also counted, he is "eligible for immediate placement in a halfway house" or "home confinement."[12] Respondent counters that Chaffin's FSA claim must be dismissed because he failed to exhaust administrative remedies and because the claim is not yet ripe for review. Respondent alternatively contends that Chaffin's claim fails on the merits.

Because Chaffin's' petition involves an issue of purely statutory construction (rather than, for example, a dispute about the number of FSA credits earned), administrative exhaustion is excused.[13] The Court, however, disagrees with Respondent's assertion that Chaffin's prerelease custody claim is cognizable under 28 U.S.C. § 2241.[14] In fact, Chaffin's petition, which seeks immediate transfer to prerelease custody and thus implicates the execution of his sentence (that is, where he serves the remainder of his sentence), is not cognizable on

---

[11] Doc. 5.
[12] Doc. 1-1 at 2-3.
[13] *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (per curiam) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).
[14] *See* Doc. 5 at 12 (asserting that "an inmate may generally use the habeas corpus mechanism to challenge RRC placement decisions by the BOP").

habeas review in this circuit. The Court, therefore, cannot reach the merits of Chaffin's FSA prerelease custody claim and instead must dismiss his habeas petition for lack of jurisdiction.

The core of habeas corpus usually involves a challenge to the fact or duration of confinement.[15] In *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that—in addition to the fact or duration of confinement—prisoners may also challenge the "execution" of their sentences via a petition under 28 U.S.C. § 2241.[16]

Following *Woodall*, however, confusion arose as to what exactly "execution of the sentence" meant for a habeas petitioner. Even the *Woodall* panel acknowledged that the precise meaning of this phrase is "hazy."[17]

In *Cardona v. Bledsoe*, 681 F.3d 533 (3d Cir. 2012), the court of appeals clarified the jurisdictional boundaries for execution-of-sentence habeas challenges in this circuit. The *Cardona* panel first reviewed *Woodall* and *McGee v. Martinez*, 627 F.3d 933 (3d Cir. 2010), precedential decisions that had considered execution-of-sentence habeas petitions and had determined that the claims presented therein were cognizable under Section 2241.[18]

---

[15]   *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 500 (1973).
[16]   *See Woodall*, 432 F.3d at 241-44.
[17]   *Id.* at 242.
[18]   *See Cardona*, 681 F.3d at 536-37.

4

From these two decisions, the *Cardona* panel distilled that the linchpin for habeas jurisdiction for an execution-of-sentence claim was whether the petitioner was challenging the "carrying out" or "put[ting] into effect" of their sentencing order.[19] As the Third Circuit explained, the reason the petitioners in *Woodall* and *McGee* could seek review under Section 2241 of the execution of their sentences was because both petitions "challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment."[20] The *Cardona* panel thus held, "In order to challenge the execution of [a] sentence under § 2241, [a petitioner] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment."[21] There, the petitioner had not made such an allegation, so the panel found that he was not properly challenging the "execution" of his sentence and therefore the district court had no jurisdiction to consider his Section 2241 petition.[22]

The same is true for Chaffin's Section 2241 petition. He has not alleged, much less established, that the BOP's conduct regarding prerelease custody is inconsistent with an express command or recommendation in his judgment of sentence. Indeed, there is nothing in Chaffin's sentencing judgment discussing or

---

[19] *See id.*
[20] *Id.* at 536.
[21] *Id.* at 537.
[22] *See id.* at 537, 538.

even alluding to prerelease custody.[23]  Accordingly, his petition does not properly challenge the "execution" of his sentence—as that term of art has been refined by *Cardona v. Bledsoe*—so this Court has no jurisdiction to consider his habeas claim.[24]

The Court is aware that circuit precedent regarding habeas jurisdiction for execution-of-sentence challenges is not entirely cohesive.  Indeed, this may explain Respondent's contention that "an inmate may generally use the habeas corpus mechanism to challenge RRC placement decisions by the BOP[.]"[25]  As, my colleague the Honorable Julia K. Munley, has recently set forth in exhaustive detail, there are multiple decisions (both precedential and nonprecedential) within the circuit regarding jurisdiction for execution-of-sentence habeas claims that appear to provide conflicting guidance.[26]

Nevertheless, the Court agrees that despite the "seemingly contradictory nature" of these decisions, *Cardona v. Bledsoe* "delineate[s] the jurisdictional boundaries of execution-of-sentence claims raised in Section 2241 petitions in this circuit."[27]  And under *Cardona*'s "rigid" jurisdictional boundaries,[28] Chaffin's habeas challenge is not cognizable.  Therefore, his Section 2241 petition must be

---

[23]   *See United States v. Chaffin*, 2:15-cr-00256-1, Doc. 888 (W.D. Pa. Sept. 1, 2017).
[24]   *See Cardona*, 681 F.3d at 537, 538.
[25]   Doc. 5 at 12.
[26]   *See Miles v. Arviza*, No. 3:24-cv-2252, 2025 WL 981870, at *3-4 (M.D. Pa. Apr. 1, 2025) (Munley, J.).
[27]   *Id.*, at *4.
[28]   *Id.*

6

dismissed for lack of jurisdiction. The Court offers no opinion regarding the availability of other potential avenues of review for Chaffin's First Step Act claim involving prerelease custody, only that it cannot be pursued through a petition under 28 U.S.C. § 2241.

### III. CONCLUSION

Chaffin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which asserts a challenge under the FSA regarding time in prerelease custody—but *does not* allege that the BOP's conduct is somehow inconsistent with a command or recommendation in his judgment of sentence—fails to meet the stringent jurisdictional requirements set forth in *Cardona v. Bledsoe*. The Court, therefore, must dismiss Chaffin's Section 2241 petition for lack of jurisdiction. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge